UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

TIMOTHY STATON,
    *Defendant*.

No. 3:19cr06(MPS)

**RULING**

On June 3, 2019, this Court sentenced Mr. Staton to 37 months plus a period of supervised release on the charge of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 40.) At the time of federal sentencing, Mr. Staton had pending state charges and was detained at the Connecticut Department of Correction. The issue of whether the federal sentence should run concurrently or consecutively to a subsequently imposed state sentence was not raised. Thereafter, on January 30, 2020, Mr. Staton was sentenced in state court to 52 months for violation of probation in violation of Conn. Gen. Stat. § 53a-32. Mr. Staton now moves for this Court's recommendation to the federal Bureau of Prisons ("BOP") that it designate nunc pro tunc the state facility at which he is serving his sentence as his place of imprisonment for the purposes of his federal sentence, thus making the sentences effectively concurrent.[1] (ECF No. 48.)

The BOP "determine[s] a defendant's place of confinement," *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997), and "has the authority under 18 U.S.C. § 3621 to designate [the defendant's] state prison as a place of federal confinement, with the result that [he] would serve

---

[1] The government takes no position on the motion.

his sentences concurrently." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 73 (2d Cir. 2005) (citing *McCarthy v. Doe*, 146 F.3d 118, 122-23 (2d Cir. 1998)). *See also* 18 U.S.C. § 3621(b); *Setser v. United States*, 566 U.S. 231, 235 (2012) ("[W]hen a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence – effectively making the two sentences concurrent or decline to do so—effectively making them consecutive."); *Wright v. Hudson*, No. 9:12-CV-01638-JKS, 2015 WL 5971055, at *3 (N.D.N.Y. Oct. 14, 2015)("Nunc pro tunc designation is a retroactive designation that the BOP may grant in accordance with the discretion it is given under 18 U.S.C. § 3621(b) to designate the place of a federal prisoner's confinement.")

Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement. In exercising its discretion, one factor it considers is the recommendation of the sentencing court. *See* 18 U.S.C. § 3621(b)(4). "While BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling." *Pineyro*, 112 F.3d at 45. Upon review of the record, the Court now GRANTS the defendant's motion and RECOMMENDS that the BOP grant Mr. Staton's request to receive a nunc pro tunc designation of the Connecticut Department of Corrections for service of the 37 month federal sentence imposed in this case.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          September 28, 2020